UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-341-H

BARAKAT KENTUCKY, INC.                                                                                                        PLAINTIFF

V.

OHIO CASUALTY INSURANCE CO.                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The issue presented in this case is whether Peerless Insurance Co. ("Peerless")[1] owes its insured, Barakat Kentucky, Inc. ("Barakat"), compensation for items stolen from a clothing store owned by Barakat. Several motions are pending on the Court's docket and there appears to be some confusion regarding the proceedings. At this time, the Court seeks to clarify that confusion and clearly establish what remains pending.

**I.**

Barakat operates a clothing store in Downtown Louisville and insures its store against theft through Peerless. On February 26, 2009 the store was allegedly burglarized and Barakat immediately reported its losses to Peerless, who began an investigation. On April 29, 2009 Barakat filed this action in the Jefferson (Kentucky) Circuit Court, alleging that Peerless failed to pay or deny the claim in a timely fashion and that Peerless' actions constituted bad faith. Peerless subsequently removed to this Court on diversity jurisdiction.

On July 25, 2009 Barakat moved for partial summary judgment, claiming that it had done

---

[1] Plaintiff has named Ohio Casualty Insurance Co. as the defendant in this case. While the policy in question appears to be written under the Ohio Casualty name, Defendant informs the Court that Peerless Insurance Co. is the actual corporation insuring Plaintiff's business and is the proper defendant in this action.

1

everything required of it under the insurance policy and Peerless failed to pay in a reasonable time. Peerless responded on July 31, 2009, asserting that Barakat's motion was premature because Peerless' investigation into the claim had not yet concluded. No reply was filed. On November 5, 2009 the Court set a conference for November 23, 2009 to discuss Barakat's pending motion. Shortly before that conference, on November 20, 2009, Peerless filed a motion for summary judgment and a supplement to its original response. Those filings asserted that Barakat failed to turn over documentation necessary to resolve the claim as required by the policy. Barakat never responded to these allegations.

At the conference, Peerless explained that Barakat still had not filed necessary documentation, including a sworn statement of loss. On December 3, 2009 the Court entered an Order setting a schedule for the necessary discovery and a deadline for Peerless' coverage determination. According to that schedule, the parties were to agree on what documents needed to be provided to Peerless within fifteen days. Thereafter, the documents were to be provided within thirty days. Further, a Barakat representative was to be examined under oath within thirty days of providing the documents. Following such examination, Peerless had fifteen days to notify the Court of its claim decision. The Order states that the parties may extend the deadlines by agreement or by further order of the Court.

It appears that the parties met on December 16, 2009 to determine the documents still needed. Counsel for Peerless sent counsel for Barakat a follow-up letter on December 24, 2009 to confirm the list of needed documents. On January 25, 2010 Peerless filed a notice with the Court indicating that Barakat failed to comply with the deadlines set in the Court's December 3, 2009 order and, as a result, it could not issue a final claim decision. Subsequently, on February

2

27, 2010, Peerless filed a "renewed" motion for summary judgment. This renewed motion makes the same argument as Peerless' November 20, 2009 motion for summary judgment. A response to that motion is due by March 15, 2010. The Court has heard nothing from Barakat since the November 20, 2009 conference.

At this time, it appears the following remains pending on the Court's docket: (1) Barakat's July 25, 2009 Motion for Partial Summary Judgment (DN # 13); (2) Peerless' November 20, 2009 Motion for Summary Judgment (DN # 19); and (3) Peerless' February 17, 2010 Renewed Motion for Summary Judgment (DN # 25).

**II.**

In its Motion for Partial Summary Judgment, Barakat argues that there is no just delay in Peerless' refusal to pay or deny its claim because Barakat has provided all necessary information and taken all steps required under the policy. Barakat further contends that this delay constitutes bad faith under Kentucky law. Peerless responds that Barakat has failed to provide several documents, including sworn proof of loss forms specifically required by the policy. Barakat has not disputed this failure and, in fact, the parties seemed to agree at the conference that additional documentation was needed and would be provided. For that reason, the Court entered its December 3, 2009 Order setting a schedule for how this case should proceed.

For these reasons, the Court will deny Barakat's motion at this time.

**III.**

The Court's December 3, 2009 Order, in essence, reset the deadlines for Barakat's submission of documents to Peerless. By doing so, that Order effectively denied Peerless' November 20, 2009 Motion for Summary Judgment, which requested relief based on Barakat's

27, 2010, Peerless filed a "renewed" motion for summary judgment. This renewed motion makes the same argument as Peerless' November 20, 2009 motion for summary judgment. A response to that motion is due by March 15, 2010. The Court has heard nothing from Barakat since the November 20, 2009 conference.

At this time, it appears the following remains pending on the Court's docket: (1) Barakat's July 25, 2009 Motion for Partial Summary Judgment (DN # 13); (2) Peerless' November 20, 2009 Motion for Summary Judgment (DN # 19); and (3) Peerless' February 17, 2010 Renewed Motion for Summary Judgment (DN # 25).

**II.**

In its Motion for Partial Summary Judgment, Barakat argues that there is no just delay in Peerless' refusal to pay or deny its claim because Barakat has provided all necessary information and taken all steps required under the policy. Barakat further contends that this delay constitutes bad faith under Kentucky law. Peerless responds that Barakat has failed to provide several documents, including sworn proof of loss forms specifically required by the policy. Barakat has not disputed this failure and, in fact, the parties seemed to agree at the conference that additional documentation was needed and would be provided. For that reason, the Court entered its December 3, 2009 Order setting a schedule for how this case should proceed.

For these reasons, the Court will deny Barakat's motion at this time.

**III.**

The Court's December 3, 2009 Order, in essence, reset the deadlines for Barakat's submission of documents to Peerless. By doing so, that Order effectively denied Peerless' November 20, 2009 Motion for Summary Judgment, which requested relief based on Barakat's

failure to provide documentation. However, that documentation was not provided in accordance with the Court's Order and Peerless, therefore, properly renewed its motion for summary judgment. Barakat has until March 15, 2010 to respond to that Motion. In fairness to all parties, the Court will not entertain Peerless' Motion for Summary Judgment until fully briefed or the period for briefing has expired.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (DN # 13) is DENIED.

IT IS FURTHER ORDERED that Defendant's November 20, 2009 (DN # 19) Motion for Summary Judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's February 17, 2010 (DN # 25) Renewed Motion for Summary Judgment remains pending until fully briefed. Plaintiff has until March 15, 2010 to respond to the motion. Defendant will then have an opportunity to reply.

cc: Counsel of Record