UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-341-H

BARAKAT KENTUCKY, INC.                                                              PLAINTIFF

V.

OHIO CASUALTY INSURANCE CO.                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The issue presented in this case is whether Peerless Insurance Co. ("Peerless")[1] owes its insured, Barakat Kentucky, Inc. ("Barakat"), indemnity for items stolen from a clothing store owned by Barakat. At this time, Peerless moves for summary judgment on the ground that Barakat has failed to provide certain documentation required under the insurance policy, especially written, sworn proofs of loss.

The insurance policy clearly requires that before a claimant may bring legal action against the insurance company, the claimant must "[s]end us [the insurance company] a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms." No one disputes that this condition precedent in the insurance policy is fully enforceable under Kentucky law. *See American Centennial Ins. Co. v. Wiser*, 712 S.W.2d 345 (1986) (holding 60 day proof of loss requirement enforceable). Rather, the parties dispute whether sufficient proofs of loss have been provided.

---

[1] Plaintiff has named Ohio Casualty Insurance Co. as the defendant in this case. While the policy in question appears to be written under the Ohio Casualty name, Defendant informs the Court that Peerless Insurance Co. is the actual corporation insuring Plaintiff's business and is the proper defendant in this action.

1

Peerless argues that sworn proofs of loss were requested, at the latest, on March 13, 2009. On that date, Peerless sent a letter to Barakat stating, in pertinent part,

> We are also requesting that you furnish us with a completed, signed and Notarized Proof of Loss together with the all [sic] supporting documents, information and photographs for your claim within 60 days of the date of this letter or by no later than May 13, 2009, whichever is later. We have enclosed a Proof of Loss form for your use. The completed and notarized Proof of Loss should be mailed to me at P.O. Box 458 Bardstown, KY 40004.

On July 7, 2009, after receiving no response from Barakat, counsel for Peerless sent a letter to then-retained counsel for Barakat informing him of the need for the proofs of loss and other documents. Again, Peerless specifically requested the proof of loss forms be completed and noted the insurance policy language creating a condition precedent to suit. Numerous other requests have been made since July.

Barakat responds that one of its corporate officers, Ann Shaban, gave a statement to Peerless at the time of the burglary and again over the phone at an unknown time. According to Barakat, this should be sufficient to comply with the insurance policy's requirement that the claimant provide a sworn proof of loss. At no time does Barakat contend that it actually filled out the requested proof of loss forms, signed them and sent them to Peerless. It argues only that the oral statements given by its officer should suffice.

This is not the first time the Court has examined this issue. On July 25, 2009, Barakat filed a motion for partial summary judgment, claiming that it had done everything necessary to resolve the claim and Peerless owed it coverage. Peerless responded that Barakat had not provided the signed, sworn proofs of loss and filed its original motion for summary judgment on November 20, 2009. The Court held a conference on November 23, 2009, to discuss what documentation was still necessary for Peerless' coverage determination. At that time, the parties

2

appeared to agree that the signed, sworn proofs of loss were required and had not been submitted. The Court instructed the parties to meet to determine what documents were necessary and when they would be turned over. On December 3, 2009, the Court entered an Order consistent with that instruction. It appears that the parties met on December 16, 2009 to identify the needed documents. Counsel for Peerless sent counsel for Barakat a follow-up letter on December 24, 2009 to confirm the list of needed documents and specifically stated, "it is my understanding that the two (2) Proofs of Loss that were originally provided to Barakat by Anthony DeCesare of Peerless with his two (2) letters dated March 13, 2009 will be completed and signed by your client and provided to us right away." On January 25, 2010, Peerless filed a notice with the Court that Barakat had not provided the documentation in compliance with the Court's December 3 Order.

The policy clearly requires a claimant send a "*signed*, sworn proof of loss" (emphasis added) within 60 days of Peerless' request for one. By requiring the proof of loss be "signed," the policy language unequivocally requires a *written* proof of loss upon request. This is not a particularly onerous burden. But, it is an important one. Despite Barakat's assurances, the forms have not been submitted. Barakat has offered no explanation for such failure other than to say that it has sufficiently complied with the policy and that Peerless' requests border on harassment. The Court disagrees. Peerless merely requests what the policy requires. Although Barakat may have provided substantial documentation, Peerless has a right to signed, sworn proofs of loss before any legal action proceeds. Barakat is fully aware of this requirement. The Court has given Barakat ample time and opportunity to comply and Barakat has simply failed to do so. Thus, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is SUSTAINED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

This is a final and appealable order.

cc: Counsel of Record